UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL LEE ALLEN,

    Plaintiff,

v.                                                Case No. 3:21cv1834-LC-HTC

ESCAMBIA COUNTY JAIL,
ESCAMBIA BOARD OF COUNTY COMMISSIONERS,
SHERIFF OF ESCAMBIA COUNTY,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, a pretrial detainee proceeding *in forma pauperis* initiated this action by filing a *pro se* civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be DISMISSED without prejudice as malicious for abuse of the judicial process based on Plaintiff's failure to disclose his complete litigation history.

## I.   STANDARD OF REVIEW

Because Plaintiff is (1) a prisoner seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

## II.   FAILURE TO DISCLOSE

On October 27, 2021, Plaintiff initiated this action by filing a *pro se* civil rights complaint on this Court's official forms. ECF Doc. 1. Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 1 at 5. Despite that declaration, Plaintiff made false representations in the complaint by failing to disclose a prior federal action he filed, and which was dismissed for failure to prosecute.

Section VIII of Plaintiff's complaint, titled "Prior Litigation," requires Plaintiff to disclose certain information regarding his litigation history. *Id.* at 2. The form specifically asks Plaintiff whether he has "filed any other lawsuit in federal

court either challenging [his] conviction or otherwise relating to the conditions of [his] confinement." *Id.* at 4. Not only did Plaintiff check "NO" for each question, but he also drew an X through each question and wrote "N/A" in all caps. *Id.*

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following action that Plaintiff filed but failed to disclose:

*Allen v. Flowers, et al.*, 3:14-cv-16LC/EMT (Northern District of Florida)

The plaintiff in that case bears Plaintiff's name, Daniel Lee Allen, and the same Escambia County Jail inmate number 11031357. Also, the signature of the plaintiff in that case and this one are identical. In that case, Plaintiff challenged his probation and subsequent conviction. Thus, there can be no doubt that case was one filed by Plaintiff and should have been disclosed.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or

Case No. 3:21cv1834-LC-HTC

responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior civil cases may result in the dismissal of this case.**" ECF Doc. 1 at 5. Nonetheless, Plaintiff made a false representation in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Thus, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious'

under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

### III.  CONCLUSION

It is respectfully RECOMMENDED:

1.  This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2.  The clerk be directed to close the file on this matter.

Done in Pensacola, Florida this 16th day of November, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.